Rasalillo Negrete v. The State.

No. 1763. Decided May 15, 1912.

**Assault to Murder—Statement of Facts—Pauper's Oath.**

Where, upon appeal from a conviction of assault to murder, the record did not show that appellant's affidavit, that he was too poor to pay for a stenographic report of a statement of facts and bills of exception were presented to the court and an order made thereon, or that any attempt had been made on the part of the appellant or his counsel to make up a statement of facts independent of the stenographic report, there was no reversible error.

Appeal from the District Court of Nolan. Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of assault to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Ponder,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault to murder, his punishment being assessed at three years confinement in the penitentiary.

The day the trial court adjourned appellant filed an affidavit to the effect that he was too poor to pay for a stenographic report of the statement of facts and bills of exception, and asked that the stenographer furnish him with said matters under terms and provisions of the Act of the Legislature of 1911. There is nothing to indicate this affidavit was ever presented or acted on by the court. The record does not contain a judgment or finding of the court on the motion and affidavit. The stenographer did not transcribe the evidence from his notes. It seems by the provisions of the Act of 1911 the parties to the suit may call for a statement of facts from the stenographer by paying for it, or if he is unable to do so, he can file pauper affidavit and have the court to enter proper order, requiring the stenographer to file a statement of facts, if upon hearing the court deems it proper, or the parties may make up a statement of facts without regard to the stenographic notes. As before stated, the attention of the court was not called to the pauper's affidavit, and appellant nor his counsel made up a statement of facts independent of the stenographic notes. The judge and stenographer filed affidavits. The affidavit of the district judge is to the effect that the application for extension of time was not made to him until about fifty days after court adjourned, and he declined to extend, and assigns as a reason that it was not proper to do so after the thirty days had past. The stenographer makes affidavit that after adjournment of the court the first thirty days was consumed in making up records of

cases which were tried prior to the case of appellant; that there was no extension of time asked for until about the fiftieth day after the adjournment of the term, and such extension was refused; that he was ready and able to make up such statement of facts had there been an extension granted, and that it is not a fact that he either neglected or refused to make up such statement of facts. Under the showing made by these affidavits we are of opinion appellant is not in position to ask, as he does, that the case be reversed because he did not get a statement of facts. He was not in condition, as we understand the Act of the Legislature, to get the statement of facts made up by filing a pauper's affidavit, because no order was entered by the court allowing that procedure. He did not tender fees to the stenographer for a statement of facts, nor was any attempt made on the part of appellant or his counsel to make up a statement of facts independent of the stenographic report. Therefore, as the record presents itself we are of opinion that appellant is not in position to ask that the judgment be reversed because he did not obtain a statement of facts.

Without the statement of facts there is nothing in the record that can be intelligently revised. The motion for new trial relates to matters altogether that can not be considered in the absence of a statement of facts.

The judgment is affirmed.

*Affirmed.*